CASES IN THE SUPREME COURT

WINDSOR,
February,
1835.

WYLLYS LYMAN, Administrator of ELAM BROOKS, vs. ELLERY ALBEE, Administrator *de bonis non* of HORACE WELLS.

*(In Error.)*

Coverture of the plaintiff should be taken advantage of by plea in abate-ment, and not by writ of error. Otherwise, if the wife is made defendant without the husband. And if one sues an executrix after her authority as such is determined by marriage, objection should be taken by plea in abate-ment. After pleading to the action the defendant cannot question her repre-sentative character, nor support error for that cause; especially; if before judgment an administrator *de bonis non* is substituted in her stead.

Betsey Wells, as executrix of the said Horace Wells, recovered judgment in the county court against said Lyman as administrator of Brooks, and caused execution to issue against the assets in his hands; and he having failed to satisfy the execution, she afterwards brought her writ of *scire facias*, suggesting a *devastavit*, and claim-ing to charge him *de bonis propiciis*. Upon the entry of the *scire facias* in court, the said Lyman appeared to the suit and demurred to the declaration, and judgment being rendered against him, he reviewed the cause. At the next term a suggestion being made on the part of the plaintiff, that the said Betsey Wells had intermar-ried with one Shaw, and that since the last continuance the said Ellery Albee had been appointed in her stead as administrator *de bonis non*, he was admitted by the court as plaintiff to prosecute said action. After final judgment against the defendant below, he brought this writ of error, alleging, as error in fact, that the mar-riage of said executrix took place before the commencement of the suit by *scire facias*.

Plea *in nullo est erratum*.

*Hubbard, for the plaintiff in error*, contended, 1. That Betsey Wells, having married before the bringing of the *scire facias*, was wholly incapacitated to commence or maintain said suit.

2. That she could not appoint an attorney, and that his appear-ance was a nullity.

3. That there was, consequently, no action pending which said Albee could be admitted to prosecute.

*E. Hutchinson, for the defendant in error*, insisted—That the matter assigned for error was a mere irregularity, which was cured by the appearance and pleadings, as was not assignable for error;—that it was properly pleadable in abatement, and should have been taken advantage of in that way, if at all;—and that the fact that

WINDSOR,
February,
1835.

Lyman
vs.
Albee.

Betsey Wells was executrix at the commencement of the *scire facias* stood admitted of record by the demurrer, and that nothing can be assigned for error which contradicts the record.

The opinion of the court was delivered by

ROYCE, J.—This writ of error is founded on the 38th section of the general probate act, which says, "that when a feme sole executrix or administratrix shall marry, such marriage shall extinguish her right under such appointment." And we are inclined to the construction for which the plaintiff in error contends, which is, that the authority is determined at once by force of the statute, without any order or decree of the probate court for that purpose.

The case has been embarrassed in the argument, by blending the common law disability of coverture with the operation of the statute. It is necessary that the proper distinctions should be noticed. Personal disabilities become the subjects of judicial consideration, only in connection with some right or duty, which, by reason of coverture, infancy, or other legal impediment, the party is incapacitated to assert or perform. And here the positions taken by the plaintiff in error are fully assented to; as that a feme covert cannot appear in a suit, nor constitute an attorney to appear for her. And the same is generally true of all other persons subject to legal disabilities. But the mode of taking advantage of a personal disability is varied, as the party subject to it is plaintiff or defendant. If defendant, and the husband or guardian is not joined, a writ of error in right of such defendant is, after judgment, the acknowledged and familiar remedy; but if plaintiff, the disability should be pleaded in abatement, and generally cannot be assigned for error. It is laid down by *Bacon*—"That a man shall never assign for error that which he might have pleaded in abatement; for it shall be accounted his folly to neglect the time for taking that exception." This is often repeated in other books, and is no doubt the general law. In its application to the disability of coverture this rule has been repeatedly and fully recognized. A case of the kind occurred on the present circuit in the county of Bennington It follows, that a plaintiff in error, by neglecting to plead in abatement the coverture of Betsey Wells, and demurring to her declaration, must be taken to have waived the objection, and cannot now avail himself of it by writ of error.

But, as already intimated, our statute presents this subject in a view which is disconnected from all considerations of personal disability in its appropriate sense. Those considerations belong to

Windsor,
February,
1835.

Lyman
vs.
Albee.

the English system of administration, and that of many of the states, where the office of executrix or administratrix is suffered to continue after the marriage ; whereas the marriage operates in this state to extinguish the office.    The present is not strictly the case of a personal disability, for that supposes a right and an inability to exercise it.    It is a case where one sued as executrix, who, it is now said, did not sustain that character ; and the question is, whether the defendant in that action is still at liberty to bring forward this objection.    That the objection might have been taken by plea in abatement admits of no doubt, and the general consequence of omitting that form of defence has been already noticed.    If one sues as executor or administrator, and the defendant, instead of contesting the representative character of the plaintiff, pleads to the action, he is held thereby to admit the plaintiff's character, which cannot afterwards be called in question.    This position, so far as it relates to mere personal actions, is supported by numerous authorities, and none are recollected to the contrary.    Betsey Wells might therefore have proceeded to judgment in the suit, had there been no substitution of Albee in her stead.    After the plea to the action, her capacity as administratrix could no longer be questioned, either in the  progress of that cause, or afterwards by writ of error.    Such, at least, was the undoubted state of the case at law, and there is no occasion to inquire, whether, in case of real danger to the defendant, relief might be obtained in equity.    And her representative character being thus confessed, for all the further direct purposes of the suit, we are satisfied that it should be considered as equally settled, for the incidental purpose of substituting the administrator *de bonis non* in her place.

Judgment of the county court affirmed.